```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA TWANA FARMER,

                Plaintiff,

-against-

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

1:22-cv-04718-MKV

**ORDER ADOPTING REPORT
AND RECOMMENDATION
AND DISMISSING CASE**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Melissa Twana Farmer ("Plaintiff") commenced this action against Defendant Acting Commissioner of the Social Security Administration ("the Commissioner") pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), seeking review of the 2022 decision of an Administrative Law Judge ("ALJ") that Plaintiff is not disabled as defined by the Act and, therefore, not entitled to Disability Insurance Benefits ("DIB").

    The Court referred the case to the designated magistrate judge for report and recommendation. [ECF No. 6]. The parties filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. [ECF Nos. 14, 15 ("Pl. Mem."), 16, 17]. Plaintiff submitted a reply in further support of her motion. [ECF No. 18].

    On December 11, 2023, Magistrate Judge Gary R. Jones issued a Report and Recommendation that Plaintiff's motion be denied, and the Commissioner's motion be granted. [ECF No. 21 ("R&R")]. Plaintiff timely filed objections to the Report and Recommendation.[1] [ECF No. 24 ("Pl. Obj.")]. Specifically, Plaintiff objects to the Report and Recommendation's findings (1) that the ALJ properly evaluated the medical opinion evidence and (2) that the ALJ

---

[1] The Court granted Plaintiff a fourteen-day extension of time to file her objections in consideration of the December holidays. [ECF Nos. 22–23].

properly evaluated Plaintiff's subjective statements.  *See* Pl. Obj. 1, 7.  The Commissioner filed a response in opposition to Plaintiff's objections.  [ECF No. 25].

The factual background and procedural history of this case are thoroughly set forth in Magistrate Judge Jones's Report and Recommendation, to which the Court refers.  *See* R&R 1–5.  For the reasons set fort below, the Report and Recommendation is ADOPTED in its entirety, Plaintiff's motion is DENIED, and the Commissioner's motion is GRANTED.

## LEGAL STANDARD

When reviewing a report and recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court reviews a report and recommendation to which no objections have been filed for clear error.  *See Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).  If a party timely files appropriate objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, the clear error standard applies if "a party's objections are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Barthelemy v. Comm'r of Soc. Sec.*, No. 18-cv-12236, 2020 WL 1528479, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks omitted).

Here, Plaintiff's objections merely "rehash[] . . . the same arguments set forth in the original petition."  *Id.*  Indeed, entire passages of Plaintiff's objections are drawn, at times verbatim, from Plaintiff's brief in support of her motion for judgment on the pleadings.

*Compare* Pl. Obj. 2–9, *with* Pl. Mem. 14–22.  Therefore, the Court reviews the Report and Recommendation for clear error.  *See Barthelemy*, 2020 WL 1528479, at *1.

## DISCUSSION

### I. Magistrate Judge Jones Applied the Appropriate Standard of Review to the ALJ's Decision

A district court may affirm, modify, or reverse (with or without remand for rehearing) a final decision of the Commissioner.  42 U.S.C. § 405(g); *Skrodzki v. Commissioner of Social Security Administration*, 693 F. App'x 29, 29 (2d Cir. 2017).

Courts review *de novo* whether the correct legal principles were applied and whether the legal conclusions made by the ALJ were based on those principles.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  If the reviewing court is satisfied that the ALJ applied the correct legal standards, then the court must "'[c]onduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the [] decision.'"  *Brault v. Social Security Administration, Commissioner*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)).  As Magistrate Judge Jones correctly explained, "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled," and the Court's review of the ALJ's disability determination is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision."  R&R 5 (internal quotation marks omitted) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) and *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009 (per curiam)).  "Substantial evidence" is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotation marks omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see* R&R 5.  "The substantial evidence standard means once

3

an ALJ finds facts, [the court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault*, 683 F.3d at 448 (internal quotation marks omitted) (emphasis in original).

This is the standard applied by Magistrate Judge Jones to the cross-motions of the parties. This Court finds no error in the standard of review that Magistrate Judge Jones applied in the Report and Recommendation.

## II. The ALJ Properly Evaluated the Medical Opinion Evidence

Plaintiff argues that the ALJ erred by finding the opinions of Plaintiff's treating medical sources unpersuasive because they were rendered long after the date last insured and because they assessed disabling limitations that were inconsistent with Plaintiff's treatment record prior to the date last insured. *See* Pl. Mem. 13–19. Thus, the ALJ found that Plaintiff's migraines were not "severe" within the meaning of the Act. Pl. Mem. 13.

Magistrate Judge Jones properly found that the ALJ's conclusion as to the severity of Plaintiff's migraines was supported by a reasonable reading of the record under the applicable deferential standard of review. *See* R&R 12–17. As the Report and Recommendation noted, Plaintiff reported headaches prior to the date last insured, but those headaches were relieved with over-the-counter medications. R&R 12; *see McGinley v. Comm'r of Soc. Sec.*, No. 1:18-CV-129-TPK, 2019 WL 2089832, at *5 (W.D.N.Y. May 13, 2019) (where record supported that "Plaintiff's headaches were adequately controlled to the point that they did not interfere with his ability to work," ALJ reasonably found no significant limitations flowing from migraines).

Magistrate Judge Jones also thoroughly considered Plaintiff's argument that the ALJ improperly discounted the opinions of her treating medical sources as retrospective. *See* R&R 14–16; Pl. Mem. 13–14. "[T]he fact that a treating physician did not have that status at the time

4

referenced in a retrospective opinion does not mean that the opinion should not be given some, or even significant weight." *Monette v. Astrue*, 269 F. App'x 109, 113 (2d Cir. 2008). The Second Circuit has "regularly afforded significant weight to such opinions." *Id.* "However, a retrospective diagnosis" that is unsupported by, or inconsistent with, "contemporaneous medical evidence may not support a finding of disability." *Caldwell v. Comm'r of Soc. Sec.*, No. 19-CV-6534 (OTW), 2020 WL 6162133, at *5 (S.D.N.Y. Oct. 21, 2020), *aff'd*, No. 20-4077-CV, 2022 WL 728661 (2d Cir. Mar. 11, 2022).

Magistrate Judge Jones correctly found that this type of inconsistency with contemporaneous medical evidence was "precisely the situation" in Plaintiff's case. R&R 15. Although, as Plaintiff notes in her brief, the limited records do indicate the existence of headaches or migraines prior to the date last insured, *see* Pl. Mem. 14–15, the record "does not contain the sort of evidence one would expect if Plaintiff had been experiencing disabling migraine symptoms prior to the date last insured." R&R 16. The record pages that Plaintiff cites, *see* Pl. Mem. 15, merely contain statements "that Plaintiff's [prior] symptoms existed based on 'patient history,' without documentation of that history." *Primo v. Comm'r of Soc. Sec.*, No. 17 CV 6875-LTS-SLC, 2021 WL 1172248, at *4 (S.D.N.Y. Mar. 29, 2021). These are not "'well-supported' opinion[s] that the ALJ [is] required to accept as controlling." *Id.*; *see* R&R 16.

Accordingly, the Court finds that the Report and Recommendation properly concluded that there was no error in the ALJ's consideration of the medical opinion evidence. *See* R&R 17.

### III. The ALJ Properly Evaluated Plaintiff's Subjective Statements

Plaintiff next argues that the ALJ erred in finding Plaintiff's statements regarding the intensity, persistence, and limiting effects of her migraine symptoms to be unsupported by the medical and other evidence in the record, and thus not credible. *See* Pl. Mem. 20.

Although "[e]vidence of pain is an important element in the adjudication of DIB . . . claims, and must be thoroughly considered in calculating the RFC of a claimant," *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010), the ALJ "is not required to accept the claimant's subjective complaints without question [and] may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Magistrate Judge Jones properly found that the ALJ correctly concluded that Plaintiff's subjective statements about her symptoms prior to the date last insured were not entirely credible. *See* R&R 20–21. Inconsistent with Plaintiff's testimony about her pain, the record indicates that Plaintiff's headaches were well-controlled by over-the-counter medications and that any severe symptoms and limitations began only in 2017. *See* R&R 20–21. The ALJ properly discounted Plaintiff's credibility in light of inconsistent clinical assessments and her treatment history. *See Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 WL 7790854, at *17–18 (S.D.N.Y. Apr. 9, 2019), *report and recommendation adopted*, No. 16-CV-01557(KMK), 2020 WL 882132 (S.D.N.Y. Feb. 24, 2020).

Accordingly, the Court finds that the Report and Recommendation correctly concluded that there was no error in the ALJ's evaluation of Plaintiff's subjective statements. *See* R&R 20. In sum, Magistrate Judge Jones clearly fulfilled the Court's obligation to "[c]onduct a plenary

6

review of the administrative record to determine if there is substantial evidence . . . to support the Commissioner's decision." *Brault*, 683 F.3d at 447.

## CONCLUSION

Reviewing Magistrate Judge Jones's comprehensive and well-reasoned Report and Recommendation for clear error, the Court finds none. Accordingly, the Court ADOPTS the Report and Recommendation in its entirety. Plaintiff's motion for judgment on the pleadings reversing or remanding the ALJ's decision is DENIED, and the Commissioner's motion for judgment on the pleadings affirming the ALJ's decision is GRANTED. The Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

**Date:  March 11, 2024**  **MARY KAY VYSKOCIL**
        **New York, NY**          **United States District Judge**